**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>                    Petitioner,<br><br>v.<br><br>Mark Roskop,<br><br>                    Respondent. | Case No. 16-mc-0032 (PAM/HB)<br><br>**REPORT AND RECOMMENDATION** |

Bahram Samie, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Petitioner United States of America

Mark Roskop, 1501 Washington Avenue North, Minneapolis, Minnesota, pro se

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service Summonses [Doc. No. 1]. On behalf of the Internal Revenue Service (IRS), the United States asks the Court to enforce two administrative summonses served on Respondent Mark Roskop on May 15, 2015. Jurisdiction over this matter is conferred by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. §§ 1340 and 1345. For the reasons set forth below, the Court recommends that the petition be granted.

**I.    Background**

IRS Revenue Officer Cynthia Vaughn is investigating the federal income tax liability of B&M Auto Electric, Inc. (Vaughn Decl. ¶ 2 [Doc. No. 2].) Roskop is the owner of B&M Auto Electric. (*Id.* ¶ 3.) On May 15, 2015, Vaughn issued two IRS

summonses for Roskop to appear on June 16, 2015, to testify and produce certain books and records for examination.  (*Id.* ¶ 4 & Exs. A, B.)  The first summons requested documents and records for taxable years ending December 31, 2011; December 31, 2012; December 31, 2013; and December 31, 2014.  (Vaughn Decl. ¶ 12 & Ex. A.)  The second summons requested information regarding B&M Auto Electric's collection of federal payroll tax for the Form 941 periods ending December 31, 2013; March 31, 2014; June 30, 2014; and September 30, 2014.  (Vaughn Decl. ¶ 12 & Ex. B.)

Roskop did not appear or produce documents on June 16, 2015, as summoned.  (Vaughn Decl. ¶ 6.)  The IRS therefore issued two "last chance" letters on July 6, 2015.  (*Id.* ¶ 7 & Exs. C, D.)  As of May 4, 2016, the date of Vaughn's Declaration, Roskop had not complied with the summonses.  (*Id.* ¶ 9.)

According to Vaughn's Declaration, the IRS does not already possess the information requested by the summonses, and the information is necessary to properly investigate B&M Auto Electric's federal income tax liability and collection of federal payroll tax.  (*Id.* ¶¶ 10, 12.)  The IRS followed all administrative requirements for issuing the summonses.  (*Id.* ¶ 11.)

The United States filed the petition to enforce the summonses on May 9, 2016.  This Court issued an Order to Show Cause the next day, ordering Roskop to show cause why the petition should not be granted and scheduling a hearing on the petition.  At the show-cause hearing, Roskop provided some tax records responsive to the first summons.  The United States asked for a brief opportunity to review the documents and determine whether to withdraw that aspect of the petition, and the Court granted the request.  The

United States later communicated to the Court that the IRS had identified some discrepancies in the records and thus decided not to voluntarily withdraw any part of the summons. The United States assured the Court, however, that the IRS would continue to work with Roskop to resolve the discrepancies.

Roskop did not provide any information in response to the second summons at the show-cause hearing, but he expressed an intention to comply fully with both summonses. The United States asked to modify the second summons to reflect a date of January 1, 2016, through the present, rather than the original date range of January 1, 2013, through April 30, 2015. The United States explained that the objective of the second summons was to obtain a "snapshot" of B&M Auto Electric's assets at a given time, and the original date range of the summons would not yield contemporaneous data. Roskop did not object to the modification.

## II.   Discussion

The IRS is authorized by take statute to take testimony, examine records and data, and summon individuals to appear "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting any such liability." 26 U.S.C. § 7602(a). If a person summoned to appear, testify, or produce information does not comply with the summons, the IRS may seek enforcement of the summons from a federal district court. 26 U.S.C. § 7604(a), (b). To obtain enforcement of the summons, the United States must establish that the summons was issued for "a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already

within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The United States' burden is "slight," but the individual's is "great." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004). The United States can satisfy its burden through a declaration from an IRS agent. *United States v. Grell*, No. 15-mc-08 (JRT/BRT), 2015 WL 6748931, at *2 (D. Minn. June 4, 2015), *R. & R. adopted*, 2015 WL 5853097 (D. Minn. Oct. 7, 2015); *see United States v. Norwood*, 420 F.3d 888, 891-93 (8th Cir. 2005).

Here, the United States has met all the requirements to enforce the summonses, and Roskop does not assert otherwise. Indeed, Roskop said at the hearing he intended to comply with the summonses. As evidenced in Vaughn's Declaration, the purpose of the summonses is to obtain information about the federal income tax liability of B&M Auto Electric. This is a legitimate purpose under § 7602. The tax records and financial information requested are relevant to that purpose, and the IRS does not already have that information. Finally, the IRS followed the administrative steps for obtaining, serving, and enforcing the summonses, as set forth in 26 U.S.C. §§ 7603, 7604, and 7605.

### III.   Recommendation

Accordingly, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The United States of America's Petition to Enforce Internal Revenue Service Summonses [Doc. No. 1] be **GRANTED**;
2. Respondent Mark Roskop be ordered to fully comply with the summonses issued

on May 15, 2015, attached as Exhibits A and B to the Declaration of Revenue Office Cynthia Vaughn, with the modification that the date range for the second summons (Vaughn Decl. Ex. B) is January 1, 2016, to the present;

3. The United States' request to recover its costs in maintaining this action be **GRANTED**;

4. The United States, should it elect to pursue such costs, be ordered to submit a bill of costs so that the Court may make a proper determination of the amount of costs to be awarded; and

5. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: July 28, 2016         *s/ Hildy Bowbeer*
                             HILDY BOWBEER
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.